IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LOIS MARIE OWEN and
THURMOND OWEN                                                              PLAINTIFFS

VS.                                        CASE NO. 08-CV-1058

AVIS RENT-A-CAR SYSTEM, LLC;
LOUIS BAILEY; and MERCURY
INSURANCE CO.                                                              DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Mercury Insurance Co. (Doc. No. 66). Plaintiffs have filed a response. (Doc. No. 71). Defendant has filed a reply to Plaintiffs' response. (Doc. No. 75). Plaintiffs have filed a sur-reply to Defendant's reply. (Doc. No. 76). The Court finds the matter ripe for consideration.

### BACKGROUND

On November 6, 2006, Plaintiff Lois Marie Owen was injured in an automobile accident that took place in Ouachita County, Arkansas. The accident involved a single vehicle driven by Louis Bailey, a resident of California. Owen, a Louisiana resident, was a passenger in the vehicle which had been rented by Bailey from Avis Rent-a-Car. As part of the rental agreement with Avis, Bailey was provided with liability insurance. At the time of the accident, Bailey also had a policy of personal liability insurance through Mercury Insurance Co.

On September 20, 2007, Plaintiffs Lois Marie Owen and her husband, Thurmond Owen,[1]

---

[1] Thurmond Owen has asserted a claim against the Defendants for loss of consortium.

filed suit against Louis Bailey, Avis Rent-a-Car and Mercury Insurance Co. in the United States District Court for the Western District of Louisiana. The Louisiana court determined that venue was not proper in that district. Therefore, on July 17, 2008, the case was transferred to the Western District of Arkansas, the judicial district in which a substantial part of the events giving rise to the claim occurred.

On November 24, 2008, the Court was notified that a settlement had been reached between Plaintiffs and Defendants Louis Bailey and Avis Rent-a-Car. Plaintiffs requested that all claims against these Defendants be dismissed with prejudice. In an attempt to reserve their rights against Mercury, Plaintiffs also requested that the Order of Partial Dismissal contain the following language: " Plaintiffs, Lois Marie Owen and Thurmond Owen, specifically reserve their rights to proceed with suit against any party not released herein."

On November 26, 2008, the Court entered an Order of Partial Dismissal in this case. In the Order, the Court dismissed with prejudice all of Plaintiffs' claims against Defendants Bailey and Avis Rent-a-Car. However, through a clerical error, the Order did not contain the language requested by the Plaintiffs reserving their rights to proceed against Mercury. On March 18, 2009, the Plaintiff filed a motion requesting that the Order be corrected to include the omitted language. On the same day, the Court granted the Plaintiffs' motion and entered a Corrected Order of Partial Dismissal. In the corrected order, the Court dismissed with prejudice all of Plaintiffs' claims against Defendants Bailey and Avis Rent-a-Car. The order also contained the language requested by Plaintiffs reserving their rights to proceed with suit against any party not released in the order. As a result of this dismissal order, Mercury Insurance Co. is the sole remaining defendant in this case. Mercury Insurance Co. is now before the Court seeking

2

summary judgment in this matter.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. R. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise form the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.,* 446 F.3d 841 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.  When no reasonable jury could render a verdict for the plaintiff, summary judgment is properly granted to a defendant. *Taylor v. White,* 321 F.3d 710, 715 (8th Cir. 2003).

## DISCUSSION

The Plaintiffs in this case have settled with the alleged tortfeasor, Louis Bailey, and have dismissed with prejudice all claims against him.  Mercury Insurance Co., Louis Bailey's insurance carrier, contends that suit may not be sustained against it because Bailey, the insured, is no longer a party to the suit.  In response, the Plaintiffs argue that their action against Mercury

Insurance Co. is viable because they reserved their right to proceed against "any party not released herein."

This is true in states that have direct action statutes which allow an injured party to file suit directly against an insurer. In such a case, an injured party may enter into a settlement with the insured and still preserve his or her rights against the insurer if the settlement expressly provides so. ALLAN D. WINDT, INSURANCE CLAIMS AND DISPUTES: REPRESENTATION OF INSURANCE COMPANIES AND INSUREDS, § 9:10 (5th ed. 2009) (citing *Danzy, for Use and Benefit of Danzy v. U.S. Fidelity & Guaranty Co.,* 380 So.2d 1356, 1380 (La. 1980); *Loy v. Bunderson,* 107 Wis. 2d 400, 320 N.W. 2d 175, 187-89 (1982)). However, such a reservation of rights is not possible in the absence of a direct action statute. *Id.* (citing *Hernandez v. Aguiar,* 433 So. 2d 54, 55 (Fla. Dist. Ct. App. 3d Dist. 1983)).

In this case, the Plaintiffs have settled and dismissed all claims against the sole tortfeasor, Louis Bailey. Bailey is no longer a party in the lawsuit. Thus, all claims against Mercury Insurance Co., Bailey's insurance carrier, are barred in the absence of an applicable direct action statute. Therefore, the Court will look to both Arkansas and Louisiana to determine it either states' direct action statute is applicable in this case.

In Louisiana, an injured party may file a direct action against the alleged tortfeasor's insurer if the accident or injury occurred within the state of Louisiana. LSA-R.S. 22:1269 (B)(2). (Such an action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido.) However, the automobile accident at issue in this case did not occur in Louisiana. Rather, it occurred in Ouachita County, Arkansas. Thus, Louisiana's direct action statute is not applicable to this case. Accordingly, Plaintiffs can not sustain a direct action

against Bailey's insurer, Mercury Insurance Co. under Louisiana law.

In Arkansas, the direct action statute allows direct actions in tort against liability insurers in very limited circumstances. In order to bypass the tortfeasor and sue an insurer directly, the insured must be a charitable organization, government entity or otherwise not subject to a suit in tort. Ark. Code Ann. § 23-70-210(a)(1). Here, the insured, Louis Bailey, is an individual and is indeed subject to a suit in tort. Therefore, Mr. Bailey's insurer, Mercury Insurance Co., cannot be sued directly under Arkansas' direct action statute.

Neither Arkansas' nor Louisiana's direct action statute is applicable to this case. Therefore, despite their attempted reservation of rights, Plaintiffs have lost their right to sue the insurer directly once the insured was dismissed from the lawsuit. Therefore, they may not sustain this direct action against Bailey's insurer, Mercury Insurance Co. Accordingly, the Court finds that Defendant Mercury Insurance Co.'s Motion for Summary Judgment should be and hereby is **granted.** An order of even date will be issued.

IT IS SO ORDERED, this 22nd day of May, 2009.

      /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge